UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br>   Plaintiff,<br>  v.<br>STARBUCKS CORPORATION, et al.,<br>   Defendants. | Case No. 18-cv-06842-KAW<br><br>**ORDER GRANTING MOTION TO STAY**<br>Re: Dkt. No. 29 |

Plaintiff Scott Johnson filed the instant case against Defendants Starbucks Corporation, 440 Geary Owner, L.P., and 440 Geary Owner GP, L.L.C., alleging violations of the Americans with Disabilities Act ("ADA") as to the transaction counters and entrance door hardware. (Amended Compl. ¶¶ 30, 34, Dkt. No. 13.) Pending before the Court is Plaintiff's motion to stay the case, pending resolution of the appeals filed in *Johnson v. Blackhawk Centercal* and *Kong v. Mana Investments Company, LLC*, which concern the same counter issue as in the instant case. (Plf.'s Mot. to Stay, Dkt. No. 29.)

Having considered the parties' filings and the relevant legal authority, the Court deems this matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b), and GRANTS the motion to stay.

## I. BACKGROUND

Plaintiff is a disabled individual who alleges that between June 2017 and March 2018, he visited the Starbucks at 442 Geary Street, San Francisco. (Amended Compl. ¶¶ 1, 27.) There, Defendants placed merchandise and displays on the transaction counters, narrowing the clear width of the counters to less than 36 inches. (Amended Compl. ¶¶ 30-31.) Plaintiff also alleges that the entrance door hardware had a pull bar style handle that required tight grasping to operate.

(Amended Compl. ¶ 34.)

On November 12, 2018, Plaintiff filed the instant suit. (*See* Compl., Dkt. No. 1.) On June 6, 2019, Plaintiff filed the instant motion to stay in light of the *Blackhawk Centercal* and *Mana Investment* appeals, both of which concerned the same counter issue. (Plf.'s Memorandum ISO Mot. to Stay, Dkt. No. 29-1.) On June 20, 2019, Defendant Starbucks filed an opposition, on the ground that the entrance door hardware was not at issue in the pending appeals. (Starbucks Opp'n, Dkt. No. 30.) Defendants 440 Geary Owner, L.P. and 440 Geary Owner GP, L.L.C. did not file an opposition. On June 27, 2019, Plaintiff filed his reply. (Plf.'s Reply, Dkt. No. 31.)

On July 3, 2019, the Court requested supplemental briefing from Defendant Starbucks regarding whether the case could be settled if the Court was to stay the case as to the countertop issue only. (Dkt. No. 32.) On July 9, 2019, Defendant Starbucks filed its supplemental brief, stating that "[s]ettlement is <u>not</u> tenable" and "would be futile." (Def. Starbucks's Supp., Dkt. No. 33 at 2.) Defendant Starbucks also stated that it wished to conduct discovery as to Plaintiff's standing to bring both claims, and "would be unfairly prejudiced if it had to wait possibly years for the counter issue to be resolved by the Ninth Circuit . . . ." (*Id.* at 3.) Defendant Starbucks thus requested that the Court "relieve the parties of their obligation to participate in mediation and allow both claims to proceed simultaneously." (*Id.*)

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to stay proceedings is entrusted to the discretion of the district court. *See id.* at 254-55. In deciding whether to stay proceedings pending resolution of another action, a district court must weigh various competing interests, including the possible damage which may result from granting a stay, the hardship a party may suffer if the case is allowed to go forward, and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). "If there is 'even a fair possibility' of harm to the opposing party, the moving

party 'must make out a clear case of hardship or inequity in being required to move forward.'" *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101 (N.D. Cal. 2016) (quoting *Landis*, 299 U.S. at 255.) The burden is on the movant to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

### III. DISCUSSION

The Court finds that a stay of this case will result in considerable efficiency and simplification of the issues, weighing in favor of a stay. *See Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*, Case No. 13-cv-5430-EJD, 2014 U.S. Dist. LEXIS 83152, at *19 (N.D. Cal. June 17, 2014) ("Efficiency and simplification resulting from the abatement of a federal action may weigh in favor of a stay."). Specifically, there is a pending appeal on the precise issue of Defendant Starbucks's counter practices, which would directly affect any merits determination in the instant case. Despite the pending appeal, Defendant Starbucks requests that the *entire* case go forward, which would require discovery and motion practice -- and associated attorney's fees and costs, as well as judicial resources -- on an issue that would almost certainly be resolved by the Ninth Circuit's decision. Moreover, while the instant case concerns the additional issue of the alleged door hardware barrier, Defendant Starbucks has made clear that "[a]ttempting to settle Plaintiff's door hardware claim separately from his counter claim is not feasible . . . ." (Def. Starbucks's Supp. at 2.) Thus, while the door hardware issue could be settled should the Court stay the case pending a decision by the Ninth Circuit, not staying the case would require that the door hardware issue proceed through litigation that could otherwise be avoided.

In contrast, Defendant Starbucks has not demonstrated that it will suffer harm from a stay. In its opposition, Defendant Starbucks only states that staying the case would "needlessly delay the investigation and adjudication of one of the two barriers that [Plaintiff] allegedly encountered in this case," without identifying any specific harm beyond delay. (Def. Starbucks's Opp'n at 3.) Delay alone is typically insufficient where there is no showing of irreparable damage or injury, such as problems with preserving evidence. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962) (finding delay in obtaining relief insufficient to show irreparable injury or a miscarriage of justice).

3

In its supplemental brief, Defendant Starbucks for the first time raises its "wish[] to conduct discovery while witnesses' recollection are fresh," including on whether Plaintiff actually visited the stores. (Def. Starbucks's Supp. at 3.) Defendant Starbucks, however, does not suggest that there is a risk that evidence would be lost as a result of a stay. Defendant Starbucks is not prohibited from investigating the standing issue on its own, including interviewing its own employees. Moreover, the Court notes that Plaintiff has multiple cases against Starbucks regarding the counter issue, and that he has moved to stay those cases pending the Ninth Circuit appeal. Defendant Starbucks, in turn, has agreed to stay many of those cases, even though those cases present the same standing issue. (*E.g.*, *Johnson v. Goodhue*, Case No. 16-cv-724-DMR, Dkt. No. 162 (Starbucks's non-opposition to motion to stay); *Johnson v. Starbucks Corp.*, Case No. 16-6792-SK, Dkt. No. 77 (same); *Johnson v. Starbucks Corp.*, Case No. 18-5170-SK, Dkt. No. 31 (joint stipulation to stay case pending *Blackhawk Centercal* appeal); *Johnson v. Starbucks Corp.*, Case No. 17-6836-JSC, Dkt. No. 50 (same); *Johnson v. Starbucks Corp.*, Case No. 18-cv-1134-TSH, Dkt. No. 56 (same); *Johnson v. Starbucks Corp.*, Case No. 18-2782-CRB, Dkt. No. 35 (same); *Johnson v. Starbucks Corp.*, Case No. 18-cv-3122-BLF, Dkt. No. 43 (same).)[1] Thus, it is unclear what irreparable harm Defendant Starbucks will suffer from a delay in discovery when it has agreed to stays in similar cases.

Accordingly, the Court concludes that a stay is appropriate in this case. Defendant Starbucks's claimed harm is outweighed by the efficiency and simplification of the issues from a stay because the Ninth Circuit decision will likely be determinative of the counter issue. Requiring the case to proceed will result in the parties engaging in discovery that may be avoided, as well as the expenditure of limited judicial resources for a merits rulings that may be abrogated by the Ninth Circuit's ruling.

///

///

///

---

[1] This is not an exhaustive list. There appear to be five other cases in which Defendant Starbucks has stipulated to a stay or filed a non-opposition to Plaintiff's motion to stay.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion to stay. Within fourteen days of a resolution of the appeals, the parties shall submit a joint status report.

IT IS SO ORDERED.

Dated: July 17, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge